```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

EMPIRE FINANCIAL GROUP, INC.,   §
                                §
                 Petitioner,    §
                                §
VS.                             §
                                §
PENSON FINANCIAL SERVICES,      §
INC., et al.,                   § Civil Action No. 3:09-CV-2155-D
                                §
                 Respondents.   §
                                §
FINANCIAL INDUSTRY REGULATORY   §
AUTHORITY,                      §
                                §
Non-Party Objectors to Subpoena.§
```

## MEMORANDUM OPINION
## AND ORDER

The court must decide whether it has the authority to grant a motion to enforce an order of an arbitration panel of the Financial Industry Regulatory Authority ("FINRA") compelling the production of documents by a non-party who has not been subpoenaed to testify at an arbitration hearing. Concluding that it lacks this authority, the court denies the instant motion to enforce the order, and it dismisses this proceeding with prejudice.

I

Petitioner Empire Financial Group, Inc. ("Empire") and respondents Penson Financial Services, Inc. ("Penson"), Phil Pendergraft, Dan Son, and Roger Engemoen are currently engaged in

arbitration before a FINRA panel.  FINRA[1] is a quasi-governmental agency that has the statutory authority to "adjudicate actions against members who are accused of illegal securities practices and to sanction members found to have violated the Exchange Act or Securities and Exchange Commission . . . regulations issued pursuant thereto."  *Nat'l Ass'n of Sec. Dealers, Inc. v. SEC*, 431 F.3d 803, 804 (D.C. Cir. 2005) (citing 15 U.S.C. § 78o-3(b)(7)).

In 2009 Empire filed a Statement of Claim against respondents, initiating arbitration under the FINRA Code of Arbitration Procedure ("FINRA Code").[2]  A panel of arbitrators was selected to hear the dispute.  Empire alleges that Penson breached a clearing agreement, gave knowing assistance to the raiding of Empire's trading desk, participated in civil theft, conspired with others to close Empire, made false and misleading statements to Empire's principal regulatory agency, and extorted substantial sums from Empire.  Empire asserts that, during FINRA's various investigations, FINRA conspired with Penson to undermine Empire.

At Empire's request, the Panel Chairperson granted Empire's

---

[1]FINRA is the successor of the National Association of Securities Dealers ("NASD").  In 2007 NASD and the New York Stock Exchange ("NYSE") consolidated their member regulation operations into FINRA, creating one self-regulatory organization. *See Karsner v. Lothian*, 532 F.3d 876, 879 n.1 (D.C. Cir. 2008).

[2]In 2007 and 2008 Penson acted as a clearing broker to Empire, a securities broker-dealer.  During this same time, FINRA began several ongoing investigations of Empire and related parties that, along with other problems, led to Empire's closure in November 2008.

request for production of seven categories of documents from FINRA itself, issuing an order (the "Order") to FINRA compelling it to produce the documents. The Order states that it is issued in "accordance with NASD Rule 12513 of the Code of Arbitration Procedure."[3] Compl. Ex. B at 1. The Order requires that FINRA, a non-party, make a pre-hearing production of documents akin to producing documents in civil discovery; it does not compel a FINRA witness to testify or bring documents to an arbitration hearing. In response, FINRA notified Empire by letter that it had received the "subpoena," that it objected to the Order on grounds of "investigatory file privilege," and that it did not intend to produce any documents. P. Br. Ex. A. Empire then filed the instant motion to enforce the Order and to compel production of the requested documents. FINRA opposes the motion on several grounds.[4]

---

[3]Although the Order describes the "NASD Rule," it is clear that the intended reference is to the new FINRA Code of Arbitration Procedure implemented after the consolidation of NASD and the NYSE. FINRA Rule 12513 allows the Panel to order production of documents from FINRA members. FINRA asserts it is not a "member of FINRA," and therefore is only properly covered under Rule 12512, which pertains to subpoenas of non-parties. The court need not resolve which Rule properly applies, because it concludes that it lacks authority under either Rule or, more generally, under the FINRA Code.

[4]FINRA contends that its open files are protected by investigatory privilege, and it maintains that the Panel lacked authority to issue the Order under FINRA Code Rule 12513. The court need not reach the merits of these contentions.

II

A

To intervene in an arbitration proceeding and compel discovery, a federal court must have the authority to do so. No provision of the FINRA Code explicitly authorizes a district court to enforce a subpoena or discovery order. Instead, it places the authority to enforce a subpoena with the arbitrator responsible for deciding discovery-related motions. Under FINRA Code Rule 12512(c),

> [i]f a party receiving a motion and draft subpoena objects to the scope or propriety of the subpoena, that party shall, within 10 calendar days of service of the motion, file written objections with the [Director of FINRA Dispute Resolution], with an additional copy for the arbitrator, and shall serve copies on all other parties at the same time and in the same manner as on the Director . . . . After considering all objections, *the arbitrator responsible for deciding discovery-related motions* shall rule promptly on the issuance and scope of the subpoena.

(Emphasis added). Neither Rule 12512, which pertains to non-parties, nor Rule 12513, which is the Rule cited in the Order, authorizes a district court to enforce an arbitration panel's order to produce.

Accordingly, in the absence of authority found in the FINRA Code, the court looks to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which creates "a body of federal substantive law of arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

- 4 -

*Corp.*, 460 U.S. 1, 24 (1983). The FAA applies to all arbitrable transactions "involving commerce," 9 U.S.C. § 2, a term that the Supreme Court interprets broadly. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Section 7 of the FAA specifically grants district courts the authority to "compel the attendance of [witnesses] before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States." 9 U.S.C. § 7.

B

The circuits are split regarding whether arbitrators are authorized to order document production from non-parties apart from doing so in connection with the attendance of a non-party witness at an arbitration hearing, and regarding whether district courts are authorized to enforce such orders under § 7 of the FAA. *See Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 212 (2d Cir. 2008) (acknowledging circuit split). The Fifth Circuit has not yet decided these questions. The text of § 7 describes the power of arbitrators to issue subpoenas:

> The arbitrators selected . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . Said summons . . . shall be served in the same manner as subpoenas to appear and testify

before the court.

The Third Circuit, in an opinion authored by then-circuit judge Samuel A. Alito, held that, under § 7, "a non-party witness may be compelled to bring documents to an arbitration proceeding but may not simply be subpoenaed to produce documents." *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 406 (3d Cir. 2004). The Second Circuit has likewise concluded that "section 7 of the FAA does not authorize arbitrators to compel pre-hearing document discovery from entities not party to the arbitration proceedings." *Life Receivables*, 549 F.3d at 216-17. The Fourth Circuit has taken a similar position, although carving out an exception in dicta for subpoenas of non-parties in "unusual circumstances" "upon a showing of special need or hardship." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 276 (4th Cir. 1999). But the Eighth Circuit has held that the policy of promoting efficiency through arbitration

> is furthered by permitting a party to review and digest relevant documentary evidence prior to the arbitration policy.  We thus hold that implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing.

*In re Arbitration Between, Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000) ("*Security Life Insurance*");[5] *see also Am.*

---

[5] Empire's brief cites both *Security Life Insurance* and a similar district court case, *Festus & Helen Stacy Foundation, Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc.*, 432 F.Supp.2d 1375 (N.D. Ga. 2006), but it fails to cite the conflicting decisions

*Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'ns of Detroit, Inc.)*, 164 F.3d 1004, 1009 (6th Cir. 1999) (noting that, in two district court cases, arbitrator's ability to compel third party to bring documents to hearing under the FAA "implicitly include[d] the authority to compel the production of documents for inspection by a party prior to the hearing," and relying on these cases to extend the same right to labor arbitrators).

C

The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing.  As the Third Circuit reasoned, the text of § 7 mentions only orders to produce documents when brought with a witness to a hearing.  *Hay Group*, 360 F.3d at 407.  The text is "straightforward and unambiguous."  *Life Receivables*, 549 F.3d at 216.  Further, the section is similar to a previous version of Fed. R. Civ. P. 45, which before 1991 did not allow pre-hearing subpoenas of documents from non-parties.  *See Hay*

---

from the Second, Third, and Fourth Circuits.  (FINRA's response brief did not address the § 7 issue at all).  Although the court does not know whether Empire's attorneys were aware of these cases, if they were, and they did not bring them to the court's attention, they failed to comply with their duty of candor to the court.

*Group*, 360 F.3d at 407; *Life Receivables*, 549 F.3d at 216 ("The FAA was enacted in a time when pre-hearing discovery in civil litigation was generally not permitted."). Finally, the court declines to read greater powers into the text of § 7 despite policy preferences favoring arbitration efficiency, because the court's policy preferences cannot override the clear text of the statute. *See Hay Group*, 360 F.3d at 406 (citing *Eaves v. County of Cape May*, 239 F.3d 527, 531-32 (3d Cir. 2000)).

FINRA is not a party to the arbitration proceeding in question; both Empire and FINRA specifically concede this fact. P. Reply 9 (referring to "FINRA, as a third party witness"); Resp. 1 (referring to "Non-party Financial Industry Regulatory Authority"). Although FINRA's actions may be relevant to the arbitration, under the authority of § 7, a court cannot compel the pre-hearing production of documents from a non-party to an arbitration proceeding unless the non-party has been subpoenaed to be a witness and bring documents to an arbitration hearing. Therefore, this court cannot compel FINRA to comply with the Order. *See Life Receivables*, 549 F.3d at 217-18 (refusing to compel discovery from non-party even though the non-party had signed the underlying arbitration agreement).

Moreover, as noted, the FINRA Code does not authorize a district court to enforce a FINRA subpoena or discovery order. Therefore, the court cannot invoke the authority of the FINRA Code

to compel FINRA to produce the documents at issue, despite the fact that FINRA Code Rule 12512(b) authorizes subpoenas to be issued to non-parties.[6]  This is so because nothing in the FINRA Code itself confers on district courts the authority to enforce subpoenas or orders to produce documents.

\*    \*    \*

Accordingly, the court holds that it lacks authority to grant Empire's motion to enforce the Order and to compel the production of documents from FINRA in the circumstances presented here.  The court denies Empire's motion, and it dismisses this proceeding with prejudice.

**SO ORDERED.**

March 3, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]As noted, the Order states it is issued under Rule 12513, not Rule 12512.  *See supra* note 3.

- 9 -